IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CODE-JET, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-764-A |
| | § | |
| INDEPENDENT INK, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the "Specially Appearing Defendant Independent Ink, Inc.'s Rule 12(B)(2) Motion to Dismiss for Lack of Personal Jurisdiction Subject Thereto and in the Alternative its Motion to Transfer Venue under 28 U.S.C. §1404(A)" filed on August 22, 2016, in the above-captioned by defendant, Independent Ink, Inc. After having considered the motion, the opposition of plaintiff, Code-Jet, Inc., to the motion, defendant's reply, and applicable authorities, the court has concluded that the action should be transferred to the United States District Court for the Central District of California.

I.

Background and Procedural History

On June 22, 2016, plaintiff, a Utah corporation that operates principally within Texas, sued defendant, a California corporation that operates principally in California, in the District Court of Tarrant County, Texas, 96th Judicial District,

alleging claims for breach of contract and misrepresentation arising from the sale of allegedly defective ink developed and manufactured by defendant that was purchased by plaintiff in 2012. Doc. 1 at App. 1.[1] On August 16, 2016, defendant removed the case to this court, asserting subject matter jurisdiction under 28 U.S.C. § 1332, and on August 22, 2016, defendant moved to dismiss or transfer the case.

### III.

### Defendant's Motion

Defendant seeks dismissal on the grounds that plaintiff has failed to sufficiently plead the Court's personal jurisdiction over defendant, arguing that defendant lacks sufficient minimum contacts with Texas and that asserting such jurisdiction would offend traditional notions of fair play and substantial justice. Doc. 8 at 1-2. For support in this claim, defendant "requests an evidentiary hearing be set by the Court on its Motion Dismiss for Lack of Personal Jurisdiction wherein Plaintiff has the burden to prove its grounds for personal jurisdiction by a preponderance of the evidence." Id. at 2. Alternatively, defendant seeks transfer of the cause of action "to the United States District Court for

---

[1] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-764-A.

the Central District of California because of a valid forum-selection clause executed between the parties." Id.

### III.
### Relevant Legal Principle

Under 28 U.S.C. § 1404, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" when such transfer is "for the "convenience of parties and witnesses and in the interest of justice." "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.' Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 579 (2013) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). Thus, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atl. Marine, 134 S. Ct. at 581 (emphasis added). When a court concludes that the forum selection cause requires transfer of the cause, the court need not determine the propriety of exercise personal jurisdiction over defendant in the transferor forum and instead may transfer the cause to the contractually selected venue. See Goldlawr, Inc. v.

3

Heiman, 369 U.S. 463, 466 (1962); Ellis v. Great Sw. Corp., 646 F.2d 1099, 1107 (5th Cir. 1981).

IV.

Analysis

After a study of defendant's motion to transfer venue, plaintiffs response, and the applicable legal authorities, the court has concluded that defendant's motion to transfer venue should be granted.

Defendant's motion to transfer venue is based upon an agreement between the parties that provides:

> "Any legal action or any controversy, claim or dispute arising from the interpretation or enforcement or from a breach or alleged breach of this Agreement shall be heard or tried only in the courts of the State of California, County of Los Angeles or the Federal District Court for the Central District of California . . . . Both parties hereby submit to the jurisdiction of the court(s) so designated, to the exclusion of any other court(s) which might have jurisdiction apart from this section."

Doc. 10 at App. 8 (emphasis added). In opposing the defendant's motion, plaintiff does not dispute the applicability of the forum selection clause or provide any basis for overcoming the strong presumption of enforcability of such a clause. Instead, plaintiff focuses almost exclusively on the issue of personal jurisdiction before briefly asking that the court give deference to the plaintiff's choice of forum. As explained above, such considerations are of no importance in determining whether to

4

enforce a presumptively valid forum selection agreement and thus provide no basis for denying defendant's motion to transfer. Therefore, the court grants defendant's alternative motion to transfer venue.

ORDER

For the reasons discussed herein, the court ORDERS that the above-captioned action be, and is hereby, transferred to the United States District Court for the Central District of California.

SIGNED September 16, 2016.

_____
JOHN McBRYDE
United States District Judge